UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HECTOR T-G., | Case No. 26-CV-449 (NEB/LIB) |
| Petitioner, | |
| v. | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; and DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

This matter is before the Court on Petitioner Hector T-G.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Hector T-G. is a citizen of Mexico who has lived in the United States since 1999 when he entered the country without inspection. (*Id.* ¶¶ 12–13.) There is no evidence in the record that Hector T-G. has any criminal history.

On January 19, 2026, Immigration and Customs Enforcement ("ICE") took Hector T-G. into custody—without a warrant. (*Id.* ¶¶ 15, 51.) Upon information and belief, he was taken to the Bishop Henry Whipple Federal Building ("Whipple") at 1 Federal Drive in St. Paul, Minnesota. (*Id.* ¶ 19.) That same day, around 5:15 p.m., his attorney went to the Whipple in attempt to locate and visit clients, but "was told by a federal worker at the

front desk . . . that the building was closed" and the attorney "would not be permitted to make any legal visits that day for detained individuals." (*Id.*) Afterwards, Hector T-G. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

Hector T-G. is one of hundreds of petitioners across the country who have challenged their custody without an individualized bond determination. Like those petitioners, Hector T-G. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over twenty-seven years ago, Hector T-G. asserts that Section 1226, rather than Section 1225, applies. He therefore argues that his detention under Section 1225(b)(2) violates the Fifth Amendment, INA, and the Administrative Procedure Act.

The Court has already concluded that petitioners similarly situated to Hector T-G. are governed by Section 1226 rather than Section 1225. *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). Section 1225(b)(2) applies to applicants "seeking admission," but the government did not detain Hector

2

T-G. while he was entering the United States. Instead, he was detained while "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)). So, Section 1226 applies.

The Court is not alone in its decision; rather, the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g., Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents concede that the Court's decision in *R.E.* controls Hector T-G.'s Petition but ask the Court to reconsider its position in light of decisions from the minority viewpoint. The Court recognizes, but is not persuaded by the minority viewpoint, including the additional cases cited by Respondents such as *Jose C. v. Bondi*, No.

3

26-CV-135 (PAM/DTS), ECF No. 14 (D. Minn. Jan. 20, 2026); it has already considered and rejected the minority viewpoint.[1]

And, while Respondents cite *dicta* from this District suggesting that the minority approach is not frivolous, the court in those cases nevertheless rejected the minority argument. *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *1 (Jan. 5, 2026) ("At least in the meantime, I conclude the better answer is to adhere to my prior decision and grant Ahmed's Petition."); *Hector G. v. Lyons*, No. 25-CV-4710 (PJS/EMB), ECF No. 9 at 3 (D. Minn. Dec. 30, 2025) (stating that "the Court continues to believe that the better reading is that § 1225(b)(2) does not apply" to individuals like Hector T-G.).

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Hector T-G. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending

---

[1] The Court notes that Respondents' arguments to the contrary are preserved for appeal.

a decision on whether the alien is to be removed from the United States."). Hector T-G. asserts that his arrest was warrantless. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Hector T-G.'s detention in light of issues raised by the habeas petition. (ECF No. 5) And it directed Respondents' answer to include a discussion of whether the absence of a warrant preceding Hector T-G.'s arrest necessitates his immediate release. (*Id.*) Respondents did not submit a warrant to support Hector T-G.'s arrest. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Hector T-G.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025). The Court therefore orders the immediate release of Hector T-G.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a.    DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary authority of 8 U.S.C. § 1226;

    b.    ORDERS that Respondents must release Petitioner from custody in Minnesota immediately with coordination or notification to counsel;

    c.    ORDERS that, within **two days**, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred; and

    d.    ENJOINS Respondents from moving Petitioner outside of Minnesota prior to Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 23, 2026  
Time: 1:40 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge